FILED

08/23/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0438

DA 21-0438

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 168N

BILLY SETER,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV-20-123
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Billy Jo Seter, Self-represented, Eureka, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Helena, Montana

      C. Mark Fowler, Attorney at Law, Tumwater, Washington

      Marcia Jean Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  July 20, 2022

Decided:  August 23, 2022

Filed:

_____
               Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Billy Seter (Seter) appeals a judgment entered in the Nineteenth Judicial District Court, Lincoln County, denying his petition for postconviction relief. We affirm.

¶3 On October 20, 2016, a jury found Seter guilty of one felony (Criminal Possession of Dangerous Drugs) and two misdemeanor drug offenses (Criminal Possession of Dangerous Drugs and Criminal Possession of Drug Paraphernalia).

¶4 Seter was sentenced December 19, 2016, and appealed to the Montana Supreme Court on February 15, 2017. Seter's grounds for appeal included imposition of an illegal sentence by requiring conditions not orally pronounced at sentencing, exceeding statutory parameters by requiring conditions on parole as part of the sentence, and imposing a per-count technology fee in violation of § 3-1-317(1), MCA. On October 16, 2018, the Montana Supreme Court remanded the matter to the District Court with an order to amend the judgment after the State filed a notice of concession, acknowledging that the District Court had not orally pronounced the conditions it imposed in the written judgement and that the "conditions of parole" made the sentence illegal. An Amended Judgment was

issued by the District Court on December 10, 2018. Seter did not appeal the Amended Judgment.

¶5 Over one year later, Seter, representing himself, filed a postconviction relief petition on July 16, 2020. Grounds alleged in the petition included counsel having a conflict of interest and a claim of ineffective assistance of counsel. The District Court subsequently entered an order denying the petition because it was time-barred. Seter appeals.

¶6 The issue raised on appeal is whether the District Court was correct in ruling Seter's petition is time-barred.

¶7 A petition for postconviction relief must be filed within one year after the conviction becomes final unless the petition alleges discovery of new evidence. Section 46-21-102, MCA. The time limit in § 46-21-102, MCA, is a rigid, categorical time prescription on postconviction petitions. *Davis v. State*, 2008 MT 226, ¶ 23, 344 Mont. 300, 187 P.3d 654. In *State v. Redcrow*, 1999 MT 95, ¶¶ 34, 37, 294 Mont. 252, 980 P.2d 622, the Montana Supreme Court defined a limited exception to the time limit in § 46-21-102, MCA, allowing the time limit to be tolled on equitable grounds to prevent a fundamental miscarriage of justice.

¶8 The time for Seter to appeal his Amended Judgment expired on February 8, 2019, pursuant to M. R. App. P. 4(5)(b)(i). A conviction becomes final when the time for appeal to the Montana Supreme Court expires. Section 46-21-102(1)(a), MCA. On July 16, 2020,

Seter filed his petition five months after the one-year time limit of § 46-21-102(1), MCA, expired.[1]

¶9 Seter does not meet either exception for tolling the time bar. Seter does not identify the discovery of new evidence. Seter argues that trial counsel was ineffective for failing to file a motion to suppress and that his counsel had a conflict of interest. These assertions were known by Seter at least since sentencing on December 19, 2016. Therefore, the statutory exception in § 46-21-102(2), MCA, does not apply. Further, Seter does not request or provide evidence for the Court to toll the time limit on equitable grounds as described in *Redcrow* and *Davis*. The District Court correctly denied Seter's petition for postconviction relief.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 The District Court's Order is affirmed.

/S/ LAURIE McKINNON

---

[1] Seter urges this Court to consider his petition due to his pro se status and legal inabilities. Seter states he did not file in a timely manner because he misunderstood the directions for filing the petition. Yet, Seter does not provide proof of this earlier attempt to file. Without evidence, there are no grounds to consider whether the timebar should be tolled on grounds other than the exceptions discussed above.

We concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE